**R.J. MURGO HOUSESMITH, INC.**

v.

**Brooke MURPHY et al.**

No. 92–332–Appeal.

Supreme Court of Rhode Island.

Oct. 14, 1993.

Richard Humphrey, Tiverton, Richard D'Addario, Newport.

## ORDER

This matter was before the Supreme Court pursuant to an order issued to the defendant, Evelyn Murphy, directing her to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the plaintiff had filed a petition to enforce a mechanic's lien. The lien arose out of a contractual agreement between the plaintiff and the defendants, Brooke Murphy and Evelyn Murphy. In due course the case proceeded to arbitration and an award was made to the plaintiff. That order was confirmed by an order of the Superior Court. Thereafter, the plaintiff filed for appointment of a master to bring about a sale of defendants' property to satisfy the lien.

After hearing on plaintiff's motion for appointment of a master as well as the request for costs and attorneys fees the Superior Court granted plaintiff's motion. Defendants' motion to file an appeal out of time was denied because they had failed to appear for the hearing. The defendants then filed a notice of appeal to this court claiming to contest the earlier orders.

The plaintiff moved to dismiss the appeal and after a show cause hearing the appeal was dismissed as untimely and meritless. Thereafter, the court-appointed master filed a request for instructions in the Superior Court and an order entered granting that request. The defendant, Evelyn Murphy, then filed a notice of appeal with this court.

After reviewing the memoranda submitted by the plaintiff and a letter from defendant, Evelyn Murphy, it is the conclusion of this court that cause has not been shown.

The defendants failed to appear in oral argument but Evelyn Murphy directed a letter to the Chief Deputy Clerk of this court in lieu of oral argument. The contents of the letter, after careful review, were of no assistance to the court.

It is apparent from the record that G.L. (1984 Reenactment) § 34–28–21, as amended by P.L.1991, ch. 328, § 1 and § 34–28–22 clearly provide that property subject to a mechanic's lien may be sold to satisfy the debt. The trial justice has broad discretion in instructing the master in regard to the sale of the debtor's property. A review of the record reveals no error or abuse of discretion on the part of the trial justice.

On appeal, plaintiff request the award of attorneys fees for their services necessitated by the defendants' "frivolous appeals." The court will decline to make such an award at this time.

For all of these reasons the defendants' appeal is denied and dismissed, the order appealed from is affirmed and the papers of the case are remanded to the Superior Court.

FAY, C.J., did not participate.